IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ELNER C.,[1] | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-158-BQ ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Plaintiff Elner C. filed this action under 42 U.S.C. § 405(g), seeking judicial review of a decision by the Commissioner of Social Security denying her application for disability insurance benefits. The United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings on July 10, 2018. ECF No. 5. As of today's date, all parties have not consented to jurisdiction by the magistrate judge. In accordance with the order of transfer, the undersigned now files this Report and recommends that the United States District Court dismiss this case without prejudice.

### I.   Background

On October 22, 2018, the court entered its standard briefing order requiring Plaintiff to submit, within forty days, a brief setting forth all errors she contends entitle her to relief. ECF No. 13. Plaintiff did not file a brief. On January 2, 2019, noting Plaintiff had failed to comply with the briefing schedule, the undersigned *sua sponte* granted Plaintiff a thirty-day extension as to her deadline. ECF No. 14. Under the extension, Plaintiff had until February 1, 2019, to file her brief.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by her first name and last initial.

1

As of today's date, she has again failed to do so. Both briefing orders warned the parties that a failure to timely file a brief could result in entry of judgment against that party.

## II. Discussion

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

By failing to comply with the court's orders and local rules, Plaintiff has demonstrated a manifest lack of interest in litigating her claims. Indeed, Plaintiff has failed to file any document or take any action indicating that she intends to pursue this case since July 9, 2018—the date she filed her original Complaint and motion to proceed *in forma pauperis*. This action should therefore be dismissed for failure to prosecute and comply with the court's orders. *See, e.g., McMillan v. Colvin*, No. 3:12–cv–4729–N–BN, 2013 WL 5637378, at *1–2 (N.D. Tex. Oct. 15, 2013) (adopting magistrate judge's recommendation that social security claimant's complaint be dismissed where claimant failed to file a brief and subsequently did not comply with court's notice of deficiency and order).

## III. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Court **DISMISS without prejudice** Plaintiff's Complaint for want of prosecution.

## IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012).

Dated: February 11, 2019

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE